**BETHUNE PLAZA, INC., an Illinois Corporation, Plaintiff,**

v.

**John LUMPKIN, Associate Director of the Illinois Department of Public Health, and Bernard J. Turnock, Director of the Illinois Department of Public Health, Defendants.**

**No. 86 C 9014.**

United States District Court,
N.D. Illinois, E.D.

Jan. 28, 1991.

Malcolm A. Chandler, Chicago, Ill., for plaintiff.

Neil F. Hartigan, Atty. Gen., State of Ill. by Gladys Stevens, Asst. Atty. Gen., General Law Div., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

### I. Introduction

From beginning to end, this case has been a protracted struggle. As with the issues in the underlying suit, the issue of attorney's fees has been visited more than once. Plaintiff Bethune Plaza, Inc. requests attorney's fees pursuant to 42 U.S.C. § 1988, as the prevailing party in a 42 U.S.C. § 1983 suit. The debate now centers on the amount of attorney's fees. Judge McGarr originally awarded attorney's fees of $50,000. On appeal, the Seventh Circuit remanded the case for a "fresh award" since the court had not offered an explanation for that figure. *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 529 (7th Cir.1988). Upon remand, the case was sent to a magistrate for a report and recommendation. The magistrate set his recommendation at $58,575.50 for attorney's fees, with costs of $541.92. The district court adopted this recommendation. Plaintiff has now filed a Motion to Alter or Amend Judgment. Essentially, plaintiff seeks reconsideration of the amount of attorney's fees it was awarded. (The cost award has not been contested.) The magistrate has issued a proposed order denying the motion. For the reasons stated below, the court declines to follow the magistrate's recommendation. The court has reconsidered the award and finds that plaintiff is entitled to $66,726 in attorney's fees.

### II. Lodestar

#### A. Hourly Entries

First, the court will calculate the lodestar. The lodestar figure is the product of the "hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The court has reexamined plaintiff's original fee petition and supplemental submission. In the court's opinion, plaintiff counsel, at various times, "exercised neither the restraint that a cost-conscious monitor would induce nor the billing judgment that influences any submission to a paying client." *In re Central Ice Cream Co.*, 841 F.2d 732, 734 (7th Cir.1988). Therefore, certain of plaintiff's hourly entries have been adjusted based upon the court's finding of excessiveness. The court has also determined that the Seventh Circuit's mandate can be best fulfilled by reducing the final lodestar figure by a percentage in order to reflect plaintiff's partial success. Thus, the hours that counsel deleted from his fee petition, which correlate to state law issues, have been returned to plaintiff's submissions.

■ For ease of calculation, the court has divided plaintiff's chargeable hour entries into subject matter categories. In the following paragraphs, the hours plaintiff requested for each category will be compared with the hours as adjusted by the court.

#### 1. Complaint/T.R.O./Motion for Preliminary Injunction

By the court's calculations from the descriptions provided by plaintiff, the number of hours plaintiff seeks for work in this area totals 64.75 hours. The figure should more properly be 27 hours. This figure takes into account 12 hours for drafting of the complaint and T.R.O. In total, the complaint, an amendment to the complaint, and plaintiff's request for a T.R.O. only encompass 22 pages, excluding exhibits. Three additional hours are given for review of the complaint after defendants' answer. The remaining 12 hours are devoted to the preliminary injunction. Counsel devoted many

hours to preparing himself and witnesses for the preliminary injunction hearing. In the end, however, a hearing was held in chambers without benefit of witnesses. The T.R.O. became a preliminary injunction by agreement of the parties. (Motion of Bethune Plaza, Inc. for Determination of Attorney's Fees at 15.) Thus, the court reduces the hours awarded for this area based on the similarities between the motions, as well as its determination that the recorded hours were excessive and, in some instances, unnecessary.

### 2. Response to Defendants' Motion to Dismiss/Motion to Alter or Amend Judgment Dismissing Complaint/Reply

Counsel requests a total of 271 hours for these motions. These hours should be decreased, though, to reflect the similarity of factual issues and legal arguments between these motions, the complaint, and the T.R.O. Accordingly, the court gives credit for 180 hours. This figure allocates 80 hours for the response to defendants' motion to dismiss (10 working days × 8 hour days); 40 hours for plaintiff's motion to alter or amend (5 working days × 8 hour days); 56 hours for the reply to its motion to alter or amend (7 working days × 8 hour days); and 4 hours for work opposing defendants' sur-reply.

Counsel for plaintiff has represented that he is well-versed in nursing home regulatory law. (Motion of Bethune Plaza, Inc. for Determination of Attorney's Fees Insertion at 10.) Yet, he devoted an inordinate number of hours to researching the issues in these motions. Plaintiff's response to defendants' motion utilizes legal research, but it also makes extensive use of the complaint. Further, the legal research contained in the response is then used in plaintiff's motion to alter or amend. The magistrate found the nature of the research in the motion to alter or amend to be as follows: "The 16–page brief only cites 12 cases, one of which is the long-established *Conley v. Gibson.* Also included within this figure of 12 are the well-known cases of *Board of Regents v. Roth* and *Parratt v. Taylor.* It should have not taken long to find these oft-cited cases or any

of the other cases cited." (Magistrate's Report and Recommendation at 20) (footnotes omitted.) New case law and arguments do arise in plaintiff's reply to its motion to alter or amend. The hours allocated to the reply reflect these additional hours of legal research. As for plaintiff's motion opposing defendants' filing of a sur-reply, the motion reiterates the arguments and research of the reply brief. For these reasons, the court finds that the hourly totals for the motions should be reduced as redundant.

### 3. Settlement

Plaintiff's fee petition only includes a request for 11 hours devoted to settlement. The court finds that plaintiff is entitled to those 11 hours in their entirety.

### 4. Communications with Client and Opponent

Plaintiff seeks 7.25 hours in this area. The court grants this claim in full.

### 5. Intervenor

During the course of the suit, the Illinois Council on Long–Term Care, an association of long-term care facilities, sought to intervene as a party-plaintiff. While the district court allowed intervention, the Seventh Circuit eventually found that the intervention had been improper. *Bethune Plaza, Inc.,* 863 F.2d at 534. Plaintiff claims 11 hours for discussions with intervenor's counsel, review of motions, and court appearances related to the intervention issue. As plaintiff was merely an interested party who did not submit motions, the court finds that 6.25 hours is a more appropriate measure of the hours expended in this area. This figure comports with plaintiff's revised claim of 6.25 hours. (Plaintiff's Objections to Magistrate's Proposed Order Dated December 6, 1990 at 13.)

### 6. Motion/Response to Cross–Motion for Summary Judgment

Plaintiff submits that 128.25 hours were spent in this area. The sparse legal research in this motion, though, is merely the product of work done for preceding motions. It appears that the bulk of plaintiff's time was spent formulating arguments and assembling supporting exhibits. The court finds that 100 hours (10 working

days × 10 hour days) reflects the efforts and hours spent in this pursuit.

### 7. Miscellaneous Motions

Additional motions filed by the state took up 6 hours of plaintiff's time. The court agrees with this hour determination.

### 8. Appellate Preparation

Plaintiff's counsel claims 5.75 hours for preparation, specifically, gaining familiarity with court rules and issues related to his appearance. The court assumes that counsel would have partially dealt with these issues in the past. Therefore, the court gives defendant approximately half of his hourly request—2.75 hours.

### 9. Communications with Client and Opponent Regarding Appeal

Plaintiff documents 4.5 hours in this area. The court grants it in full.

### 10. Appellate Brief/Appellate Reply/Oral Argument

In this area, the court agrees with plaintiff counsel's accounting of his hours. He cites 104.75 hours for the brief, 41.5 hours for the reply, and 30.5 hours for oral argument. The court finds that plaintiff is entitled to 104.75 hours for research and writing on the brief, 41.5 hours for the reply and 19 hours for oral argument. Fewer hours have been given for the oral argument because of counsel's assumed familiarity with the factual and legal issues based on lower court motions and the appellate brief.

### 11. Remand Preparation

Plaintiff claims 1.25 hours to familiarize himself with court procedures and the posture of the case. The court allows this submission in full.

### 12. Injunction on Remand

On remand, plaintiff asked for a permanent injunction pursuant to the Seventh Circuit decision. Plaintiff claims 26.75 hours for work on the injunction. Yet, the briefs in support of the injunction do not contain any mention of case law. Plaintiff's arguments are merely a rehash of the proceedings in the district and appellate courts. The amount of time plaintiff requests for this issue is excessive. Therefore, the court reduces the time to 10 hours.

### 13. Communications with Client and Opponent

Counsel claims 2.5 hours in this area. The court grants it in full.

### 14. Fee Petition

The amount of hours that counsel spent preparing his fee petition (115.75 hours) rivals the hours he spent on his motion to dismiss, motion for summary judgment, and even his appellate brief. While plaintiff may recover for time spent compiling his fee petition, the court must draw the line somewhere. Plaintiff has now withdrawn a portion of his request leaving a claim of 78.75 hours. (Plaintiff's Objections to Magistrate's Proposed Order dated December 6, 1990 at 26.) The court finds 70 hours to be a better (and generous) accounting of the hours spent on the fee petition. Counsel did not need to bill time spent "to get the magistrate to reach a decision...." (*Id.* at 27.) Nor did counsel need to spend time subtracting from his petition the hours spent on state issues. The court, therefore, adjusts this entry to eliminate the excessive hours.

### 15. Clerical

In all stages of the litigation—lower court, appellate court and remand proceedings—counsel billed time for duties more appropriately termed as clerical, such as filings, service of process, retrieval of appellate decisions, copying and cite-checking. Approximately 88.5 hours in his petition could be termed clerical. Ten of these hours appear duplicative and unnecessary from counsel's descriptions (e.g., took documents to Clerk's officers for record on appeal; refused (4 hours)). Therefore, the court only allows recovery for 78.5 hours.

Although counsel performed these activities, they could have been done by a paralegal or an associate. While counsel may recover for time spent on these services, the court may adjust the hourly rate charged for the services to comport with the nature of the activities. In plaintiff counsel's own words, "[i]f he [the magistrate] thought the work was 'clerical' he should have cut the rate to an associate's level ($75?)." (*Id.* at 23.) *See LeRoy v. City of Houston,* 906 F.2d 1068, 1079 (5th

Cir.1990) ("hourly rates near the top of the scale will ... be inappropriate if in the particular context the task could have been properly accomplished with greater overall cost efficiency by competent personnel....") The court agrees and awards this time at $75 per hour.

### B. Hourly Rate

Plaintiff has proffered a rate of $150 per hour as a fair measure of hourly compensation. Since no objection has been raised to this hourly rate, the court will adopt it for the majority of the lodestar hours. With regard to those hours the court has deemed "clerical", plaintiff may only recover $75 per hour, as suggested by counsel.

### C. Calculations

By the court's calculations, plaintiff is entitled to 593.75 hours with an additional 41 hours added back to the equation for time spent on state claims. When multiplied by the $150 hourly rate, the total is $95,212.50. Additionally, 78.5 hours, termed as clerical, multiplied by $75 leads to a result of $5887.50. The lodestar total, then, is $101,100.

### III. Lodestar Reduction

██ Once the lodestar total has been calculated, the court may reduce the total to reflect only a partial victory. The Supreme Court gave its imprimatur to such an approach in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "Considerations ... may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.' ... If ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 434–436, 103 S.Ct. at 1940–1941. Where a case involves a multitude of claims based on related legal theories, it may be difficult to determine how much of counsel's time was devoted to any singular issue. In that circumstance, the court "may simply reduce the award to account for the limited success." *Id.* at 436, 103 S.Ct. at 1941; *Texas State Teachers Ass'n. v. Garland Independent School*

*Dist.,* 489 U.S. 782, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989); *First Commodity Traders, Inc. v. Heinold Commodities, Inc.,* 766 F.2d 1007, 1015 (7th Cir.1985) ("district court did not abuse its discretion when it reduced [plaintiff's] award of attorney's fees in proportion to [plaintiff's] success on one of the seven claims"). Such is the case here. The *Bethune* suit involves many claims based on both state and federal law. The amount of time spent on state or federal issues for any particular claim is difficult to parcel out. For instance, when trying to separate hours spent on state claims—a major portion of the complaint—counsel could only designate 41 out of 634.-75 hours as related to state issues. Therefore, the court will reduce the lodestar by a percentage to reflect partial success.

There is no question that plaintiff only achieved partial success in its suit. The Seventh Circuit found that the "time devoted to the pursuit of [the state agency notice issue under state law] is not compensable." *Bethune Plaza, Inc.,* 863 F.2d at 530. The court finds that plaintiff's suit was two-thirds successful. In essence, plaintiff received relief in roughly 6 of its 10 claims and/or requests for remedies. (Count II was dismissed.) Of the claims raised in the complaint, plaintiff was only able to succeed on those which contemplated "postponing the penalty [imposed by the state agency] until after the hearing." *Id.* at 528. Plaintiff was not able to receive the additional relief it sought—declaring the state's imposition of violations and assessment of fines in this situation illegal. Since plaintiff only achieved success in two-thirds of its claims, the lodestar figure is decreased to reflect only two-thirds success. The final award totals $66,726 ($101,-100 × 66%).

### IV. Conclusion

Thus ends the struggle. Plaintiff is entitled to $66,726 in attorney's fees along with $541.92 in costs.

IT IS SO ORDERED.